# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 18-30213 |
| | CHAPTER 7 |
| JOHN BLAINE STONER | JUDGE: HUMPHREY |
| **Debtor** | |

| | |
|---|---|
| **VILLAGE OF PLAIN CITY**  ) | ADV. CASE NO.:_____ |
| c/o Paul-Michael La Fayette, Esq.  ) | |
| 175 S. Third St., Suite 1000  ) | **COMPLAINT TO PIERCE** |
| Columbus, Ohio 43215,  ) | **CORPORATE VEIL AND TO** |
|   ) | **DETERMINE DISCHARGEABILITY OF** |
|   ) | **DEBT PER 11 USC§523(A)(2)(A),** |
| Plaintiff,  ) | **11USC§523(A)(4) AND 11USC§523(A)(6)** |
|   ) | |
| vs.  ) | |
|   ) | |
| **JOHN BLAINE STONER**  ) | |
| 4617 Clark Rd.  ) | |
| Urbana, Ohio 43078,  ) | |
|   ) | |
| Defendant.  ) | |

Now comes Plaintiff, Village of Plain City, by and through counsel Mazanec, Raskin & Ryder CO., L.P.A., and for its Complaint to Pierce the Corporate Veil and Determine Dischargeability of Debt, states as follows:

1. Defendant is a Debtor pursuant to voluntary petition for relief under Chapter 7 Title 11 United States Bankruptcy Code, which matter is pending before this Court as Case No. 18-30213.

2. Defendant John Blaine Stoner is the sole member, owner, and sole shareholder of Blaine Builders, LLC.

3. Blaine Builders, LLC is an Ohio limited liability company authorized to do business in the State of Ohio.

4. Defendant John Blaine Stoner is the registered agent for Blaine Builders, LLC.

5. Defendant has control over Blaine Builders, LLC which is so complete that the corporation has no separate mind, will, or existence of its own.

6. Blaine Builders, LLC is a mere alter ego of Defendant.

7. Blaine Builders, LLC is also a Debtor pursuant to voluntary petition for relief under Chapter 7 Title 11 United Stated Bankruptcy Code, which matter is pending before this Court as Case No. 18-30475.

8. Blaine Builders, LLC entered into a construction contract with Plaintiff Village of Plain City for the construction of a maintenance facility, which construction was to commence on October 21, 2017 and complete no later than December 21, 2017. See Ex. A, Construction Agreement.

9. The terms of the Construction Agreement called for Plaintiff to pay a total of $249,935.00, the final payment of which was due upon completion. Ex. A.

10. Per the Construction Agreement, Plaintiff was to make initial payments for the ordering of materials and as an installment once the footer was poured. Plaintiff did make two payments toward these obligations. See Ex. A and Ex. B: Checks for Payments.

11. Blaine Builders, LLC did not perform the work per the Construction Agreement, and has not returned any of the paid monies to Plaintiff.

12. Bryce Hill, Inc. furnished material pursuant to the Construction Agreement between Plaintiff and Blaine Builders, LLC, and has placed a lien upon the unpaid portion under the contract for monies owed for material furnished. Ex. C: Affidavit of President of Bryce Hill, Inc.

13. Defendant, as owner and sole representative of Blaine Builders, LLC, made false statements to Plaintiff regarding the timeline for completion of the construction under the Construction Agreement.

14. Defendant knew these statements to be false.

15. Defendant made these statements inducing Plaintiff to make payments under the Construction Agreement, and did so knowing that Blaine Builders, LLC could not complete the construction as promised.

16. Plaintiff justifiably relied on the fraudulent misrepresentations of Defendant.

17. Defendant, as sole member and owner of Blaine Builders, LLC, hired an individual by the name of Matthew P. Taylor, with knowledge of Taylor's criminal history for theft, and entrusted monies tendered by Plaintiff for purposes of fulfilling the contract to Taylor.

18. Defendant violated his fiduciary duties to Blaine Builders, LLC by entrusting monies to Taylor, and by failing to supervise Taylor's work and/or management of funds.

19. Plaintiff has tendered payment to Defendant and Blaine Builders, LLC in the amount of One Hundred and Fifty-Six Thousand Two Hundred and Nine Dollars and Seventy-Six Cents ($156,209.76) pursuant to its obligations under the Construction Agreement, in reliance on Defendant's misrepresentations, copies of the payments for which are attached as Ex. B.

20. For these reasons, this debt is a nondischargeable debt in accordance with 11 USC § 523(a)(4).

21. For these reasons, this debt is a nondischargeable debt in accordance with 11 USC § 523(a)(6).

22. Plaintiff tendered payment to Defendant and Blaine Builders, LLC based on Defendant's false pretenses, false representations, and/or actual fraud.

23. Plaintiff's loss was proximately caused by its justifiable reliance on Defendant's misrepresentations.

24. Blaine Builders, LLC was unable to perform under the Construction Agreement, and Defendant had knowledge of this at the time of entering into the Agreement.

25. Defendant knew that his and Blaine Builders, LLC's acceptance of Plaintiff's payments would cause injury to Plaintiff, and did so willfully, maliciously and without regard to Plaintiff's subsequent and consequential injury.

26. Plaintiff has now incurred a loss of One Hundred and Fifty-Six Thousand Two Hundred and Nine Dollars and Seventy-Six Cents ($156,209.76), and is liable to the lien held by Bryce Hill, Inc. in the amount of Six Thousand Seven Hundred and Twelve Dollars and Forty Cents ($6,712.40), such lien is the proximate cause and fault of Defendant.

27. As a result of the above, Plaintiff asks for One Hundred Sixty Two Thousand Nine Hundred and Twenty Two Dollars and Sixteen Cents ($162,922.16) to be paid and considered nondischargeable.

**WHEREFORE**, Plaintiff requests this Court find that Plaintiff is entitled to pierce the corporate veil; that Defendant John Blaine Stoner is personally liable for the debts of Blaine Builders, LLC pursuant to this Construction Agreement in the amount of One Hundred Sixty Two Thousand Nine Hundred and Twenty Two Dollars and Sixteen Cents ($162,922.16); and that the debt of Defendant pursuant to the Construction Agreement is nondichargeable in accordance with 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), and 11 USC § 523(a)(6).

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/ Michael S. Loughry*
MICHAEL S. LOUGHRY  (0073656)
PAUL-MICHAEL LA FAYETTE (0067031)
175 South Third Street
Suite 1000
Columbus, OH  43215
(614) 228-5931
(614) 228-5934 – Fax
Email: plafayette@mrrlaw.com

Counsel for Plaintiff

# Village of Plain City & Blaine Builders, LLC

CONSTRUCTION AGREEMENT

This is an Agreement ("Agreement") made this 11th Day of August 2017 between the Village of Plain City ["Owner"], whose address is 213 S. Chillicothe St. Plain City, Ohio 43064 and Blaine Builders, LLC (contractor), whose address is 4617 Clark Road, Urbana Ohio 43078.

THE WORK.   Contractor agrees to perform certain construction work for the Owner(s) in accordance with this Agreement and as more fully described below (the "Scope of Work"). The Owner shall furnish all surveys and shall secure and pay for easements for permanent structures or permanent changes in existing facilities if required by law. The Contractor shall be solely responsible for all construction means, methods, techniques, sequences and procedures and for coordinating all portions of the Work under this Agreement.  Contractor warrants to the Owner that all Work will be of good qualify, free from faults and in conformance with the Contract Documents. The Work shall be completed in accordance with the plans, designs, drawings, and specifications prepared by Jeff Brown. These plans, designs, drawings and specifications, if any, have been examined and discussed by both Contractor and Owner.

CONTRACT TIME.  The Contractor will commence the Work on the 21st day of ~~August~~ *October* 2017, and will complete the work no later than 21st Day of ~~October~~ *December* 2017, absent extenuating circumstances.

CONTRACT SUM.  The Owner shall pay the Contractor for the performance of the work, subject to additions and deductions by Change Order or as elsewhere as provided herein. The Contractor shall pay all sales, consumer, use and other similar taxes required by law. Per agreement, Owner plans to pay **$124,967.50** to order materials, and **$62,483.75** when the footer is poured, and **$62,483.75** when the building is complete.

FINAL PAYMENT.  The Owner shall make final payment upon completion of the Work.  The making of final payment shall constitute a waiver of all claims by the Owner except those arising of or from unsettled liens, faulty or defective Work appearing after Substantial Completion, or failure of the Work to comply with requirements of the Contract Documents.

MATERIALS.   Contractor will provide the materials, supplies, equipment, services and labor necessary to complete the Work. Garage doors and openers are included.

COMPLIANCE WITH LAWS. Contractor will comply with all applicable federal, state and local laws regarding work, materials, and the safety of persons and property.  Contractor will be responsible for obtaining necessary building, work or any other permit required by any local, state or federal authority.  Owner shall cooperate with Contractor with regard to such permit applications if necessary. Permit fees are included in the contract.

CHANGE ORDERS.   The Owner without invalidating the Agreement may order Changes in the Work consisting of additions, deletions, or modifications, the Contract Sum and the



Contract Time being adjusted accordingly. All such Changes in the Work shall be authorized by written Change Order signed by the Owner or his agent. The Contract Sum and the Contract Time may be changed only by Change Order. The cost or credit to the Owner from a Change in the Work shall be determined by mutual agreement before executing the Work involved. Owner and Contractor both agree there have been no oral promises, contracts, or statements made to alter this Agreement in any way.

FAILURE TO PAY.    Contractor may stop work and terminate this Agreement if the Owner fails to pay any sum within ten (10) days after the date fixed for payment as outlined in this Agreement. Owner shall still be responsible for payment of all work which has been completed to the point of termination of the Agreement, as well as the Contractor's reasonable profits and damages associated therewith.

WORK STOPPAGE.    Contractor shall properly and diligently make progress toward the completion of the Work. Should Contractor stop work for seven (7) consecutive days, Owner may notify Contractor in writing, via certified mail, to resume work. If Contractor does not return to the Work within seven (7) days of receipt of said notice, Owner may terminate this Agreement. If such termination occurs, Owner shall be entitled to a refund of any amounts paid for which work has not yet been completed. Contractor shall maintain ownership of all unused building materials unless paid for by Owner.

Should Owner cause Work to stop for seven (7) consecutive days, Contractor may notify Owner via written certified mail to continue the Work. If Owner fails to permit the resumption of the Work within seven (7) days of receipt of such notice, Contractor may terminate this Agreement. If such termination occurs, Owner shall owe Contractor payment for all materials purchased and all work completed in connection with the Work. Additionally, Owner agrees to compensate Contractor for loss of anticipated profits and damages, as well as any attorney fees, incurred by Contractor in pursuing any amounts due under this Agreement.

Notwithstanding the foregoing, delays in work due to acts of god or dangerous conditions not caused by any party to this Agreement including, but not limited to, extreme weather, flooding, damage to Work site, rioting, looting, etc. shall not be cause for termination of this agreement.

EFFECT OF DELAYS ON CONTRACT TIME. Delays in completion of the Work for any of the following reasons: strikes, unavailability of materials, acts of God, extreme weather, acts of Owner, extra work requested by Owner, Change Orders, failure of Owner to timely pay under this Agreement, acts of others or circumstances reasonably beyond Contractor's control, will be added to the Contract Time. Owner shall be entitled to a written statement describing any such delays experienced by Contractor, and shall not be entitled to a discount or refund for any such delays.

INSURANCE.    Unless otherwise provided, the Owner shall purchase and maintain property insurance upon the entire Work at the site to the full insurable value thereof. This insurance shall include the interests of the Owner, the Contractor, subcontractors in the Work and shall insure against the perils of fire, extended coverage, vandalism and malicious mischief. Any insured loss is to be adjusted with the Owner and made payable to the

Owner, as trustee for the insureds, as their interests may appear, subject to the requirements of any mortgagee clause.

The Owner shall also be responsible for purchasing and maintaining his own liability insurance and, at his option, may maintain such insurance as will protect him under claims which may arise from operations under this Agreement.

The Contractor shall purchase and maintain such insurance as will protect it from claims under workers' compensation laws and other employee benefit acts, from claims for damages because of bodily injury, including death, and from claims for damages to property which may arise out of or result from the Contractor's operations under this Agreement.

RIGHT TO SUBCONTRACT. Contractor shall have sole discretion to use subcontractors of Contractor's choosing to complete the Work.

WORKSITE CONDITIONS. Owner is responsible for maintaining safe conditions at the Work site. Owner is responsible for removal of any trees, debris, obstructions or correction of any unforeseen conditions or defects not caused by Contractor, which are necessary for Contractor to complete work.

ACCESS. Contractor shall be given adequate access to Work site to perform Work. Owner shall be responsible for arranging for Contractor's access through properties of neighbors or others, if necessary, in order to access Work site. Contractor is not responsible for any delay or damages caused by insufficient access to the Work site.

DAMAGE TO WORK. Contractor shall be liable for any damage to Work caused by Contractor's own negligence, or the negligence of any subcontractor, agent or employee of Contractor. Owner is responsible for any damage to Work caused by Owner's acts or negligence, acts of God or others not under Contractor's control. Contractor may require Owner to pay for the repair of any damage to Work which is the responsibility of Owner prior to Contractor continuing Work.

UTILITY SERVICE. Owner shall provide utility service for any utilities Contractor requires to perform Work at the Work site. Contractor is not responsible for any delays caused due to interruption of utility service to the Work site.

MATCHING MATERIALS. Where materials are to be matched, Contractor shall make every reasonable effort to do so, but cannot guarantee any perfect match.

SUBSTITUTIONS. When necessary, Contractor has the right to use materials of equal quality if the results of the Work are substantially the same. Contractor shall provide Owner written notice of any substitutions so made.

DISPUTE RESOLUTION. Should any dispute arise between Owner and Contractor related to the Work described in this Agreement, such dispute shall be subject to binding arbitration pursuant to the American Arbitration Association's Construction Industry Arbitration Rules. The decision of the Arbitrator shall be binding on both parties.

GOVERNING LAW.  This Agreement will be governed by the laws of the State of Ohio, as well as any county or local regulations for the jurisdiction in which the Work site is located. .

SEVERABILITY.  Should any portion of this Agreement be invalid under any law, regulation or statute, or be invalidated by any arbitrator or court, only that part of this Agreement shall be invalidated, with all other portions of this Agreement in full force and effect.

LIMITATION OF LIABILITY.  Contractor's liability under this Agreement shall be limited to amounts actually paid to Contractor by Owner for the Work under this Agreement.

Agreed to this \_\_11th\_\_ day of \_\_August\_\_, 20\_17\_

OWNER: _Kim Vary, Village Administrator_      10-30-2017
                                                                              Date

OWNER: _____

                                                                              Date

BLAINE BUILDERS, LLC, CONTRACTOR

By: _John Stoner_          8/11/17
                                                Date

Contract Total: **$249,935**



John Stoner, President



Darrin Lane, Mayor
Kevin Vaughn, Village Administrator
Renee VanWinkle, Fiscal Officer
Inge Witt, Communications Director



*A proud heritage, a promising future*

ZONING PERMIT # 71017 VPC

## The Village of Plain City – Office of the Zoning Inspector – ZONING PERMIT
213 S. Chillicothe Street – Plain City, OH 43064 – Phone: 614-873-1945 – Fax: 614-873-9970
Email: atuller@plain-city.com

A Zoning Permit must be obtained from the Zoning Inspector prior to the erection, alteration, or addition to any building, structure, or l and or when there is a change in use.

| Owner's Name: Village of Plain City | | | |
|---|---|---|---|
| Mailing Address: 213 S. Chillicothe Street, Plain City, OH 43064 | | | |
| Subdivision Name: | | | Lot # |
| Acreage: | Lot Coverage:    % | Present Use | |

| Address: 225 Central Avenue, Plain City, OH 43064 |
|---|

The undersigned is hereby issued a Zoning Permit for the premises and as described in the Application for Zoning Permit for:

| | Land | | New Residence | | Accessory Building |
|---|---|---|---|---|---|
| | Building Addition | | Repair | | Demolition |
| | Change of Use | | Alteration/Remodel | | Carport |
| | Fence | | Home Occupation | | Pool |
| | Deck – Size: | | Sign – Size | X | Pole Barn 60' x 96' |

*A Zoning Permit is not required for re-roofing (including replacing sheathing), window and door replacement without changing dimensions, or remodeling where no walls or floors are added, changed or removed.

**FOR OFFICIAL USE ONLY**

Upon the basis of the *Application for Zoning Permit 71017, Zoning Permit 71017VPC* issued on 07-10-17 and made a part hereof by reference, the proposed change X IS/    IS NOT, found to be in conformance with the Zoning Ordinance and this Zoning Permit is hereby    X APPROVED/ DISAPPROVED for the District.

| Date Application Received: 07-10-17 | Date of Action on Application: 07-10-17 |
|---|---|

*Annbulltte Tuller*
Signature of Zoning Inspector

213 South Chillicothe Street, Plain City, Ohio 43064    | Phone 614-873-3527    | Fax 614-873-9970    | www.plain-city.com

Darrin Lane, Mayor
Kevin Vaughn, Village Administrator
Renee VanWinkle, Fiscal Officer
Inge Witt, Communications Director



*A proud heritage, a promising future*

# Request for proposals for the design build of a pole barn/maintenance facility for Public Works

## Introduction
The Village of Plain City is interested in constructing a 60'x96'x16' heated storage building. The bid is for a complete turnkey quote that includes engineering, design, construction and permitting. All firms submitting a bid are encouraged to contact the village and to visit the site.
Bid submittals or questions shall be directed to Ryan Huff at rhuff@plain-city.com.

## Design/Construction Guidelines
60'x96'x16'
Truss roof
Painted steel siding and roof
Continuous ridge vent
16' overhang on sides and ends
Seamless gutters and downspouts
2 – insulated entrance man doors
4 – 14'x14' metal insulated overhead doors with commercial grade operators
6" concrete floor
6' concrete apron across entire building (6" depth)
Guard posts at each overhead door
R-19 sidewall insulation
R-40 ceiling insulation (blown in)
Painted white metal liner panel on ceilings and walls

Separately listed option of a 20'x60' interior offices, break room, kitchenette and restrooms

## Deadline
Bids will be accept until June 02, 2017 at 10:00am

| PROJECT | PLAIN CITY | | |
|---|---|---|---|
| BID DATE | 7/10/2017 | | SF |
| TODAY | | | |

| DIV | SCOPE OF WORK | SUB BID | TOTALS |
|---|---|---|---|
| DIV 1 | ARCHITECTURAL FEES PERMITS | | |
| | DRAWINGS, PERMITS | $1,100 | $1,100 |
| DIV 2 | SITE WORK | | |
| | STRIP SOIL, LEVEL GRAVEL | $850 | $850 |
| DIV 3 | CONCRETE WORK | | |
| | FOOTERS, SLAB & APRON | $45,000 | $45,000 |
| DIV 4 | ELECTRICAL | | |
| | ELECTRICAL WORK FOR BOTH BUILDINGS | $12,000 | $12,000 |
| DIV 5 | MOISTURE PROTECTION | | |
| | CAULKING / SEALANTS | $1,200 | $1,200 |
| DIV 6 | GARAGE DOORS, GUTTERS | | |
| | GARAGE DOORS WITH OPENERS, GUTTERS | $12,760 | $12,760 |
| DIV 7 | INTERIOR FINISHES | | |
| | DRYWALL, PAINT, INSULATION, DOORS, COUNTERS, CABINETS, FRP | $20,275 | $20,275 |
| DIV 8 | SPECIALTIES | | |
| | SEAL FLOOR | $750 | $750 |
| DIV 9 | MECHANICAL | | |
| | HVAC, PLUMBING | $46,000 | $46,000 |
| DIV 10 | BORKHOLDER BUILDINGS | | |
| | 60 x 96 x 16 and 32 x 32 x 8 ERECTED ON SITE | $110,000 | $110,000 |
| | | | $249,935 |



BLAINE
BUILDERS

4617 Clark Road
Urbana, Ohio 43078
John Stoner, President
937-244-3562

Purchaser _____
Date       _____

Contractor _____
Date       _____



**VILLAGE OF PLAIN CITY**
213 S. CHILLICOTHE STREET
PLAIN CITY, OHIO 43064

SECURITY NATIONAL BANK
A DIVISION OF THE PARK NATIONAL
PLAIN CITY, OHIO 43064
56-730/422

66368

| AMOUNT | WARRANT NO. | DATE |
|---|---|---|
| $31,241.88 | 66368 | 11/01/2017 |

PAY ****************************31,241*Dollars and 88/100

TO THE ORDER OF:
BLAINE BUILDERS INC
4617 CLARK RD
URBANA, OH 43078

VILLAGE OF PLAIN CITY

*Renee Sonnott*

THE BACK OF THIS DOCUMENT CONTAINS CHECK SECURITY WATERMARK AND COIN REACTIVE INK



**EXHIBIT B**

https://ecorp.prkcorp.com/IMG_IMG1151/IMG1151.ashx?Action=ViewTransaction&TokenLookup=NL085SBmqqQvkUUQijHblgw3reag%2bhFBvcOhD5dwFrMNe3



AFFIDAVIT FOR CLAIM
(§1311.26 ORC)

State of Ohio,
County of Clark, ss.

The undersigned, Deborah L. Hill being first duly sworn says that she is the President of Bryce Hill, Inc. whose address is 2301 Sheridan Avenue, Springfield, Ohio 45505, and that Bryce Hill, Inc. furnished material for the public improvement which is provided for in a contract between Blaine Builders, LLC the Principal Contractor whose address is 4617, Clark Road, Urbana, Ohio, 43078 and the Village of Plain City, Ohio, the Public Authority, whose address is 213 South Chillicothe Street, Plain City, Ohio 43064 and which is commonly known as: Pole Barn/ Maintenance Facility for Public Works.

The material furnished by Bryce Hill, Inc., was pursuant to a contract with Taylor Group Real Estate LLC and Matt Taylor, whose address is 1101 Spruce Drive, Springfield, Ohio 45504. The last of the material was furnished on the 6th day of December, 2017. There is due and unpaid over and above all credits and setoffs thereon to Bryce Hill, Inc. for material furnished the sum of $6,712.40, for which Bryce Hill, Inc. claims a lien upon the unpaid portion of the contract between Blaine Builders, LLC, the Principal Contractor, and the Village of Plain City, Ohio, the Public Authority.

_Deborah L. Hill_
Signature of Affiant

Name: _Deborah L. Hill_
Title: _President_

Sworn to before me and subscribed in my presence this 23 day of January, 2018.

LINDA L. BLACK
Notary Public, State of Ohio
My Comm. Expires June 1, 2020

_Linda L. Black_
Notary Public

This instrument prepared by: W. D. Shane Latham, Esq.

EXHIBIT
C